All rise, this is now a session. Please call the case. Please proceed. May it please the court, counsel, good afternoon, your honors, I'm Carrie Bryson, Assistant Defender with the Office of the State Appellate Defender, and I represent Edward Payne. As this court is well aware, this is the second time this particular case is before the court. This appeal is following this court's remand for retrospective fitness proceedings. This court's mandate issued in November of 2015 and proceedings began back in the circuit court in December of that year, first with a status hearing. Initially, I should note, this court's remand order was specific about what the trial court was to consider at that retrospective fitness proceeding. This court said the court should consider the contents of a February 2011 report that was prepared by a psychiatrist, including that the defendant was fit for trial, as well as the hearings, the transcripts of the hearings between the date the defendant had been found unfit, which was in August of 2010, and then the March 2011 fitness restoration hearing, which was at issue in the prior appeal, which led to the remand for the retrospective fitness proceedings. In the prior appeal, the issue was with whether or not the parties had stipulated to the expert's conclusion, or stipulated that the expert would have come in and testified consistently with his report. Three opinions issued from this court. Ultimately, the conclusion was it was at least ambiguous what the stipulation had been to. If it was indeed to the conclusion, that was improper, and thus the defendant had not received an adequate fitness restoration proceeding and retrospective fitness was warranted an inquiry. So, when the case went back in December of 2015 at the first hearing, the status hearing, the court at that time, the trial court said that this court had in fact misinterpreted what he had done in an attempt to sort of clear up the record and said that the stipulation that he had received was actually that the expert would testify consistently and the court found the defendant fit based on the contents of that report, explaining what he had done in the original proceedings. He thought this court, when he said he thought this court wanted him to go back and evaluate what those reports were, I'm a little unclear what he meant by that, but indeed the case then was set for a retrospective fitness hearing the following month. In January of 2016, the case was called again and the public defender said he thought this court was somewhat confused about the basis for restoration, that he had only, the public defender had only meant to stipulate that the expert would testify consistently, the state agreed, the public defender said, you know, he was satisfied with the defendant's fitness back at the time of the original proceedings. He had concerns later during the trial, which were also raised in the prior appeal, but this court disagreed that those warranted further inquiry and the state said, the state's position was that they thought the appellate court was trying to find out what the trial court had relied on originally, which is not what this court had done or said. The trial court, though, said he didn't rely on the stipulation to fitness. He has now reviewed the report and based on the party's current stipulation, because again at the retrospective fitness proceeding they stipulated to the report and that an expert would testify consistently, concluded then that the defendant was fit. We have raised in this court an issue that the trial court failed to comply with this court's mandate, because one of the things this court specifically directed the trial court to consider were the transcripts of those hearings in between the finding of unfitness and the original restoration hearing back in March of 2011. The court didn't do that. This record makes no mention of the court reviewing those proceedings. The court doesn't mention them. It just says I reviewed the report and I'm finding the defendant fit. We've also argued within the issue that the trial court failed to exercise its discretion in finding the defendant fit based solely on the stipulation to the content of the report and that that, too, is error. So at this point, our position is the defendant still has not had an adequate fitness restoration hearing. The state doesn't dispute that this court's order in the prior appeal required the trial court to review the transcripts of those hearings and then exercise its discretion as the court is required to exercise its discretion in determining restoration of fitness. Instead, as to the transcripts, the state argues that, first of all, the defense invited the error by participating in the hearing and not objecting to the court's not considering those transcripts. Our response is that it wasn't an invited error. Your defense counsel, first of all, seemed a little confused still about what this court wanted. I guess to the contrary, that this court was the one who was confused. The defense attorney said- The defense counsel did kind of fall on his sword and say, you know, I didn't state the stipulation correctly and had it stopped a little bit sooner, there wouldn't have been the confusion. So he did. But I don't think this court was confused. Ultimately, I think this court said the parties weren't clear. What happened in the trial court wasn't clear. Our court was divided. You can't read that decision and not understand that our court was divided. My respective colleague, Justice Carter, was on that panel. Justice O'Brien is new to this case out of Peoria County. But, you know, this court struggled. We had three strong opinions, and we remanded with directions for a reason. Correct. But I don't think that that was this court being confused or misinterpreting what had happened. It was not confusion. It was the best way we could resolve the case without a stalemate. Correct. But what this court did then was order a retrospective fitness hearing at which specific things were directed to be considered. If this court had wanted the trial court to just clear things up, this court would have been within bounds to order such a limited remand. We're sending this back. We want the court to clarify what it did at that retrospective fitness hearing. You could have retained jurisdiction or not. And then we'll consider the issue again. This court didn't do that. It said retrospective fitness hearing and consider these specific things. The report from February of 2011 and these transcripts. The record does not show that the court considered those transcripts. Well, if the state was unhappy with that decision, they had to be forced to file a petition for leave to appeal. Was that done? The state did not. I filed a petition for leave to appeal because I was unhappy. First I filed a petition for rehearing, which actually led to the three divided opinions. We had a decision and then this court did reconsider the case quite seriously, took some time, and issued those opinions. But no, I filed a petition for leave to appeal, which was denied. The state did not. So I don't know if you were in here for the last argument, but what really happened, I think it went back to the trial court, and I don't know if anybody read our decision. I don't know if they read our decision, but they decided, okay, this is what we're going to do. So I would like to think they read it. I would give the benefit of the doubt because, at least I would like to think that they read it. Yes, without knowing to the contrary. What I feel like happened here sort of falls in line with what Justice McDade was concerned about happening at a retrospective proceeding. She was very clear toward the end of her opinion that, and not attributing any unethical behavior to anybody, but to say that it's human nature in a circumstance like this, believing that the outcome was right, if the parties in the court believed the outcome was right, of both the fitness that the defendant was fed, if they had believed that the verdict was appropriate, then the sort of inclination of human nature is to fill in the blanks, to make any doubts go away about whether or not the fitness restoration had been proper. This hearing really reads like that's what was happening, that the court was filling in the blanks. Let's just play devil's advocate and assume that you're right. If we agree with you, what happens when we send it back? Where does it go and what is your suggestion? My suggestion would be that this case would go back, not for another retrospective fitness hearing, because number one, we've tried that. It hasn't worked. Number two, now a whole bunch more time has passed, which is always a concern with retrospective fitness proceedings, is the passage of time, because memory is dull. Things become less reliable. So my recommendation is an appropriate outcome in a case like this, where there has not yet been an appropriate or an adequate fitness restoration proceeding, is reverse and remand for further fitness proceedings, but in the process vacate the trial verdict and dependent on the outcome of further fitness proceedings, then is there a trial if he's fit? Yes. Are there unfitness proceedings? If he's not fit, we'd go back through trying to restore the fitness. If he can't be restored to fitness, a discharge hearing and those sorts of proceedings. That's what I've asked for. The alternative is this court sends it back again for a... You haven't asked us to send it back in front of a different judge. No, I haven't. That would be perfectly appropriate. The only relief I've asked for in the brief is the new trial relief, because I think at this point we're past the point of having meaningful fitness restoration proceedings retrospectively. So that's the relief I've requested. You could send it back before a different judge. This court has done that on other occasions in other circumstances and would be perfectly appropriate to do in this case. If I can just... A couple other points. So... As for... Okay, so we've talked about the transcripts and the court not reviewing what this court has directed, but I want to also talk about the sort of exclusive reliance on this report and our position taking the opening brief that there was somewhat of a failure to exercise discretion by just wholesale accepting the opinion in the report. I don't know if this court has read the report, the February 2011 report, if you've all had an opportunity to see it, but there are flaws I think would be apparent and the trial judge would note had he looked at that report instead of just accepting the final conclusion, which is basically the last little paragraph. On the last page itself, the report says under the prognosis heading, the prognosis is good to attain fitness within a year, but then later says he is fit. This is all within the same report. If the judge had taken a close look at it, I think would have had concerns about the report itself. It conflicts obviously with the earlier report finding him unfit. It doesn't really talk about what was done to make him fit. Usually these reports talk about he went to fitness class, to medication, therapies, whatever. There are flaws within the report itself. Even if this court were to accept the state's position, which part of its argument is that those transcripts were immaterial and didn't really matter to the outcome, even if just considering the report was appropriate, it looks like the court just accepted the conclusion instead of analyzing and evaluating the basis for that conclusion, which is essential to appropriate finding of restoration to fitness. Because the court failed to follow this court's mandate and didn't review those transcripts, because the court conducted what was really a pretty cursory fitness restoration proceeding in the retrospective, in this case, again, we've asked for a reverse remand, vacate the verdict and send back for further fitness proceedings and then whatever is appropriate pending the outcome of those sorts of proceedings. Thank you. You may proceed. Thank you, Your Honor. Good afternoon, Your Honors. I'm Thomas Fowling, on behalf of the people. I will start with the bad part first. As far as attacking the flaws of the report, that was not addressed directly on the initial appeal. I think that is forfeited. Second, as far as the judge is what he relied upon, he said at this retrospective hearing, I find what you're asking me, I will consider this report and have considered this report and the contents of his report. So he explicitly said on the record that he was considering the contents of the report. So to suggest that he did not consider the report is, I believe, incorrect. As for what was required, it was required to send back and look at these reports and the transcripts. The judge doesn't say anything about the transcripts, but as we pointed out, and I was taking the task in previous arguments, if the judge doesn't say anything, it doesn't mean he hasn't done it. It's presuming that he follows the law. And, therefore, he, unless there's something affirmative on the record that suggests that he did not follow the law, then he is presumably taking the steps necessary. And I agree with everything you said, and I know that these transcripts that they were supposed to review upon remand, they had not previously been submitted. They weren't submitted as part of the initial fitness hearing, correct? I mean, they wouldn't have been part of that. No, because it was simply a fitness hearing. Because when the court, upon remand, reappoints the public defender, they schedule the matter in a, it's a quote from the record, it says for a, quote, unquote, fitness hearing based on what's already been submitted. So my concern is that, I mean, that's the record of 7, 28, and 29, that those transcripts were not submitted for that retrospective fitness hearing. Because I'm not, I mean, I don't know on what's already been submitted. The transcripts would have been part of the overall appeal, so they would be part of the court record. In the trial court? In the original. No, but I mean, so if it had been already, it's already been submitted, I guess that's where I'm confused that that would, to me, suggest that somebody would have had to have submitted that for the purposes of that fitness hearing. And if that's true, I think then, you know, we have to assume that it was considered. If that was, if those transcripts had not been submitted as part of the packet that was considered. And that is really a stumbling block, because I think that the judge is trying to figure out what he's supposed to look at and what he's supposed to get at. And he even talks about the relevancy of the defendant's behavior at trial. And he says, I mean, I don't know that this is relevant or not relevant. I think he's very carefully trying to parse out what he's supposed to be considering and does not mention that, those transcripts. And I think that the reason for the, you know, as I'm trying to put my arms around this, that during those hearings there was some behavior that would suggest perhaps bizarre, unfit type behavior. You know, I'm just. The difficulty I'm struggling with, too, as you know, this was a difficult appeal last time around. You guys waited a long time for a decision. We sent it back with directions and on remand, not one person articulated those directions. So we have to assume. But those directions weren't articulated. The only thing that was discussed is our confusion from this court. And, you know, we are often confused sometimes. That's why cases come to us. And I think they just redid what they had done the first time around. So my concern is if we decide it has to go back, how do we address this? Do we tell them to do it again, follow our directions? I would suggest to take the last part of that question first. Yes, the. If we're uncomfortable assuming, like you request us to do, that the judge did exactly what we asked him to do. If we're uncomfortable assuming that, what is your best remedy? The only thing this court wanted to be done was look at the report and look at the transcripts. That's not going to change. So sending it back and saying put it explicitly on the record that you look at these transcripts is simply the correct thing to do. If this court finds that that wasn't done. The other point I made in this brief is look at what those transcripts tell you. Absolutely nothing. It tells you we're going to continue this or I continue this. He doesn't have the bed for he's going to be three to four weeks and that's in October. And then in February we get the 90 day report. So obviously he's been in treatment or being evaluated during requisite time necessary. So those transcripts don't like was suggested in the reply brief. Don't really tell us anything. So even if you send it back and say, OK, well, look at these transcripts, they'll go. It is what they did in the first place. It's raising form over substance. I would suggest you appreciate. So you don't think you need to go to another judge. I think another problem with sending it to another judge is that you don't have Judge Curry's and he seems to suggest you recall this case. And I would think, oh, it's a horrific. Yeah. Right. So the jury heard was quite horrific. And we are. Yeah. I'm very unpleasant. And he will have great recollection of the fence behavior. But another judge would simply wouldn't. So when you're valid in fitness, the judge's observations of the defendant are part of the calculus. So I would not suggest sending it back to a different judge if this court were to find that it was necessary. Let me be more direct. Usually when you send something back as a court with directions, if we get it back again on appeal, there is a clear indication on the record that the directions were found. One, two, three, four. You don't have to assume a thing. In this case, you're asked to assume that the directions were found. And that's a big assumption in this case. Because there's no indication that the directions were found. Well, the directions certainly concerning the report were explicitly followed. I mean, the judge said he considered the report and the counsels stipulated to the report. And I would suggest if you look at the as far as and as far as the transcripts go again. And this was constantly been argued in other cases and is the law that. Yeah. There is a default assumption that the trial judge follows the instructions and follows the law. Now, yes, it would be better if you explicitly put it on the record. It's expressed in this record is that the public court was confused about what the trial judge did before. Correct. Correct. And that they wanted consideration of it. Certainly, at least the consideration of the court. And we have, of course, the defense counsel sitting up there and initially going about his summation of what happened. And then the trial then prosecutor giving his agreement and explanation. And then the trial judge going and saying, well, this is what I'm I'm making my findings. So, yes, would it be better if they had said one, two, three, four? The other thing that we should keep in mind is what happened at the original case was that if I recall correctly, based on the if the judge had defense counsel had not said exactly what he said, stipulating to the finding of fitness and simply said we stipulate the testimony doctor is what they're what they're doing here. This would never have been sent back. Well, that's not entirely clear because the trial court would have made a better record. Defense counsel did mistake what a stipulation should. But it's always up to the trial court to make. Well, true. And if the trial judge had also said this, the same thing you said in this instance. So let's take this. Take what happened here and plug it in to what happened in 2011 or whatever that year was. If that had happened, it wouldn't have been sent back. So why are we going to send it back again when the situation has been clear? And if you're going to make a statement to the trial judge, hey, you need to follow everything, put everything explicitly on record. Well, that's the progress of this court. But they were saying that the appeal court was confused about what we didn't say in the previous appeal. They were reading what shows that they were reading the opinion or Rule 23. That's a very good point. Does it matter? Does it matter at all that what Dr. Vallobanini. No. He found that he was fake. He didn't find him restored, correct? I mean, he didn't find anything. He's been faking this all along. He's not really got any mental illness. Isn't that his resolution was that he had a personality disorder, no serious mental illness, and that he was going to affect him to be defiant and not cooperative and avoid trial. So and honestly, it's been a while. I did not have I don't remember what the full report was because it wasn't an issue. And again, attacking the report at this stage is I think it wasn't argued that the report was deficient below. This court relied upon that report and finding no bona fide doubt in the original Rule 23 in paragraph 69. It used that report to find a bona fide doubt. So I'm not sure what the. Well, I guess because it seemed like you said, what are in those transcripts between the original finding of infitness and then disorder? You know, there's nothing there. All it talks about is all this treatment he's getting. So I guess the doctor is saying, well, he didn't need any of this treatment. And I mean, is that I guess. Right. And so if is it necessary then to really get into and make findings about the comparison about the status reports and the medications and other things in order for the judge to have fully considered the details of that report. And I'm just saying as I'm sitting here trying to figure out what the trial court was tasked with upon remand, whether it required more than just a review simply of the report and whether the consideration of those transcripts becomes important based on the content of the report. There wasn't anything in those transcripts other than I mean, I have it in the brief. Basically, it's six pages of substantive. Right. I mean, I understand that. But but as it becomes substantive, become important because it's about his treatment. He's going to have four weeks of this. Oh, no, no, no. I apologize. No, it simply says he's waiting for a bed. He'll get in three to four weeks. That's all that was said. OK. No, there was nothing about what treatment he was receiving at that point. OK. Thank you. I mean, I believe every. I mean, our position is that it was an adequate met the requirements of what this court wanted to see in the trial. The trial judges did not say anything about the transcripts, but it's assumed that he was following the law and that otherwise the substance of what the transcripts held was nothing. Therefore, there's no need to remand this. If this court's going to remand it, simply remand it again for its explicit explanation to put the transcripts on the record. Other questions you ask of this court, please. Thank you. I'll be brief because I see we've cut well into the lunch hour. You know, this is an important case. And I always say brevity is not required. And, you know, at least two of us are not starving. I won't speak from ear to ear. I'm a good little reader, too. I wanted to address a couple of points. And I'll sort of start from where this court started with Mr. Arado. In terms of Justice O'Brien, your question of, you know, whether we would know if the court considered those transcripts, whether they were submitted, you know, that language about what was previously submitted or what's already been submitted, how would we know if the court considered those transcripts? We would know if the court had said it. That is one very clear way that we would know. And the court did say it was considering the report. The court excluded any mention of the transcripts. The parties didn't mention the transcripts, neither the defense nor the state. The court didn't mention the transcripts. So we would know if the court had said it. This court also, Mr. Arado also made a point about, you know, the only thing this court wanted the trial court to do on remand was to look at the report and look at the transcripts. I would suggest it's a little more. I mean, this court ordered a retrospective witness hearing. That is substantive. It is not just a matter of looking at things, but analyzing and evaluating those things that are before it. So it's not just a make-a-record type of remand that was ordered in this case. It was a substantive proceeding that was supposed to result from this court's remand. Part of that substantive proceeding was to consider certain specific things, and part of the flaw is that half of those things, the transcripts, were not considered. The state also has suggested, both in their brief and in an argument today, that those would not have made a difference, those transcripts. And arguably, they are very short. So is the fitness proceeding. They're an equal number of pages. So if we're talking about the length, when we're talking about maybe five substantive pages of transcripts from those intervening hearings, the fitness, the retrospective fitness proceeding is about equal in page length. But they are significant. There is an ongoing concern reflected in those reports about fitness, I think from the defendant's sort of persistent refusal to attend or participate in proceedings. The court also could have gleaned from looking at those transcripts that it was several months between when the defendant was found unfit by the court and when he ultimately made it into DHS, when a bed opened up. And part of the unfitness finding, stating that he could be made fit within a year, was he will need inpatient treatment. So the court would have looked at that and seen that there was a significant period of time where he was not receiving inpatient treatment. He was sitting in the jail waiting to get to DHS. The court also, looking at those, would have noted it had little if no opportunity to personally observe this defendant during that intervening time period. And part of a consideration in finding a defendant restored to fitness comes from the court's own ability to observe that individual standing before it. And there was very little opportunity for that to happen. So consideration of those transcripts, and this court ordered that they be considered. Certainly this court thought that that would be a significant component of a fitness restoration, a retrospective fitness restoration proceeding. I suggest for all those reasons they were significant. This court thought they were and should have been considered and weren't. Also, I don't think we can dismiss the failure to consider those as, well, they were insignificant or immaterial and shouldn't have been directed to be considered. The trial court is bound to follow this court's mandate. Whether this court is correct or not, there is ample case law cited in our briefs. The trial court is bound to follow the mandate of this court, and part of this court's mandate was to do specific things that weren't done. Thank you. So, again, for the reasons that we've talked about both in the briefs and in argument here today, we submit the fitness restoration proceedings, the retrospective proceedings that were held, did not comply with this court's mandate. The defendant still has not had a meaningful fitness restoration proceeding. We've asked this court for the relief we've requested in terms of vacating the conviction and sort of starting anew with the fitness problem. Alternatively, as this court has suggested, perhaps a new judge would be appropriate if this is remanded. But you haven't requested it. You didn't request a new judge. Right. And that causes me some concern. Mr. Arado has made such a good point that Judge Koury, I think it was Judge Koury, presided over this trial. And there are horrific facts in this case that would make this particular trial stand out in a judge's mind. Does Judge Koury forfeit that? I don't know what the sanction is when there are directions given by a reviewing court that are not followed. But I do know in the past when our court has not followed the directions of the Supreme Court, the Supreme Court's approach was to suggest that it should be assigned to a different panel. So this court frequently sends cases back for other reasons and we don't go back before a different judge. I mean, in other contexts. This particular remand for a retrospective fitness hearing that then failed to comply with what this court ordered, I didn't come across that in any other case. So, you know, it's I guess your discretion. I don't disagree that Mr. Arado makes a good point about Judge Koury does have familiarity with the case and the facts. If we're talking about, though, well, a retrospective fitness proceeding is okay and all you have to do is look at what's on paper, anybody can look at what's on paper for the whole record of the case. Again, I think the appropriate... What I struggle with is you didn't request us to do that. You didn't request us as a possible scenario to send it back in front of somebody else. You have asked that we simply vacate the conviction. I have and I stand by that because I don't think that this defendant can get a meaningful retrospective fitness hearing in this case. And so then the question becomes, why would a trial court judge risk that request by not following the directives of this court? I don't know the answer other than to suggest, again, you know, the part I quoted from Justice McDade's opinion, is human nature is to explain yourself when you've been called out for making a mistake. And it seems like that's what happened here. It was more of an attempt to explain as opposed to follow this court's mandate. Thank you, Your Honor. Thank you both. The court will render an opinion within a short time and now we'll take a break for lunch and come back for the afternoon call. Thank you. Thank you.